168 So. 289

**STATE ex rel. GUARANTY BANK & TRUST CO. v. TOWN OF INDE-PENDENCE et al.**

No. 33486.

Feb. 3, 1936.

Rehearing Denied April 27, 1936.

Shelby S. Reid, of Amite, for appellants.

LeDoux R. Provosty, of Alexandria, and Ellis, Ellis & Ellis, of Amite, for appellee.

ROGERS, Justice.

Guaranty Bank & Trust Company, as the holder of past-due paving certificates and interest coupons of the town of Independence, brought this suit to compel the town and its board of aldermen to collect certain paving lien notes and taxes pledged as security for the certificates and coupons.

The certificates and coupons held by the plaintiff bank are the direct obligations of the defendant town and were issued under the authority of Act No. 290 of 1928 and secured by the pledge of paving lien notes executed by the property owners and by the dedication of a sufficient millage of the seven-mill general alimony tax to meet the cost of the street intersections and to cover any deficiency that might exist after the collection of, or failure to collect, the paving notes of the property owners.

The defendant town resisted the demand of the plaintiff bank on the grounds that there was not, and could not be, any valid dedication of its alimony taxes; that the dedication was invalid for lack of compliance with any legislative act; that the dedication was not of any definite millage and was too vague to be enforced; and that the town revenues had decreased below the amount necessary to defray its ordinary governmental expenses, making it impossible to set aside any part of its alimony taxes for the payment of the certificates and coupons.

After trial on the merits, the district court rendered judgment in favor of the plaintiff bank and against the town of Independence and the other defendants, ordering them to collect amicably or by suit within ninety days all the matured paving notes of the property owners held by the defendant town in trust for the benefit of the plaintiff bank and pledged as security for the payment of the certificates and interest coupons; and to continue such collections as the paving notes mature until all the certificates and interest coupons are paid in full. Also, to levy and collect such millage as may be necessary of the seven-mill alimony tax and to set aside a sufficient amount thereof each year to make up any deficiency in principal and interest of the paving certificates due each year until the final payment of all the certificates. Also, to segregate into a separate or sinking fund the proceeds of the paving notes and avails of the tax, and upon demand to pay same as they accrue to the plaintiff bank in satisfaction of the certificates and interest coupons due and to become due.

The district court denied the alternative prayer of the plaintiff bank that in the event the defendants fail to collect the paving lien notes amicably or by suit they be ordered to deliver the notes to the plaintiff bank in order that the plaintiff bank, for the account of the town, might enforce payment thereof.

Defendants appealed, and the plaintiff, bank answered the appeal and asked that the judgment be amended so as to include its alternative demand for equitable relief.

The plaintiff bank has also filed in this court a plea of prescription of thirty and sixty days.

The plaintiff bank contends that the pledge and dedication of a sufficient millage of the defendant town's general alimony tax

to make up the deficiency in principal and interest of the certificates maturing each year was valid, because it was authorized by the provisions of Act No. 40 of 1922.

Defendants contend that the purported dedication was invalid, because it was not clothed with the formalities required by Act No. 40 of 1922 for the funding into negotiable bonds of the avails or residue of the general alimony tax of a municipal corporation or by any other legislative act authorizing municipalities to fund into certificates or otherwise pledge their excess revenues.

■ Defendants' contention must prevail. We have carefully examined the proceedings taken by the mayor and board of aldermen of the town of Independence with respect to the issuance of the certificates and pledge of the alimony tax to secure their payment, and nowhere therein do we find any reference to Act No. 40 of 1922 or any compliance, or attempt at compliance, with the requirements of that statute or of any other statute. Having reached that conclusion, it is needless for us to discuss the other defenses set up in the case.

■ Defendants complain of that part of the judgment which orders them to collect amicably or by suit within ninety days all the matured paving notes pledged to secure the payment of the obligations of the defendant town. We fail to see wherein defendants are prejudiced by the order, which grants them a delay for the discharge of an obligation which it is incumbent upon them to discharge without delay. For our part, we think the court below erred in rejecting the alternative demand of the plaintiff bank

in its entirety. The record discloses that $5,926.10 of the principal indebtedness is due since June 1, 1932, $7,000 since June 1, 1933, $7,000 since June 1, 1934, $7,000 since June 1, 1935, and that interest amounting to more than $7,000 is past due. In these circumstances, we think defendants should take some steps to realize on the collateral pledged to secure the indebtedness. Ninety days is not an unreasonable time within which to take those steps, failing in which defendants ought to turn over the paving lien notes to the plaintiff bank so that the bank itself may take the necessary steps to enforce the pledge.

■ The plea of prescription of the plaintiff bank is based on its allegation that defendants' attack on the legality of the proceedings providing for the dedication and pledge of its alimony tax to the payment of the certificates is barred by the thirty days' prescription provided by the Constitution of 1921 and by the sixty days' prescription provided by section 26 of Act No. 40 of 1922. The plea of prescription is not well founded.

The plaintiff bank does not point out the constitutional provision on which it relies, and we know of none which supports its contention. And since it does not appear that the purported dedication and pledge of the alimony taxes of the defendant town was made under the authority of Act No. 40 of 1922, it is clear that section 26 of the statute, limiting the time within which a person in interest might contest the legality of the proceedings, the bond issue provided for and the tax pledged, is inapplicable.

For the reasons assigned, the judgment appealed from is annulled so far as it sus-

tains the validity of the purported dedication and pledge of a sufficient amount of the general alimony tax of the defendant town of Independence to make up the deficiency in principal and interest of the certificates maturing each year and directs the collection of the tax for that purpose; and the purported dedication and pledge of the alimony taxes of the defendant town is now held to be invalid and unenforceable. It is further ordered that the judgment appealed from be amended so as to order the defendants to turn over and deliver to the plaintiff bank all the matured paving lien notes held in trust by the defendant town for the benefit of the plaintiff bank in order that the plaintiff bank may enforce its pledge on the notes, in default of defendants collecting amicably or by suit within ninety days the principal and interest of the matured notes for the benefit of the plaintiff bank. In all other respects the judgment appealed from is affirmed. Costs of this appeal to be paid by the defendants.

On Application for Rehearing.

PER CURIAM.

All the parties have applied for a rehearing. The appellee, Guaranty Bank & Trust Company, in its application, expresses fear that the decree herein may be so construed as to deprive appellee of the right to sue the appellant, town of Independence, to compel payment by the town of the cost of paving its street intersections and to enforce the pledge of the town's alimony taxes to the extent it secures such payment. We had no such intention or purpose in rendering the decree. If the appellee bank has such right, we think it should be, and it is hereby, reserved, without prejudice, however, to the right of the appellant town to urge all proper defenses to any suit brought against it by appellee.

The appellants, town of Independence and its codefendants, in their application, urge the impossibility of collecting the matured paving lien notes within ninety days, where payment is resisted, and, hence, suggest that the decree herein should be so interpreted as to mean that in such cases it shall be deemed sufficient compliance with the decree if suit on the notes be filed within the time specified. We find no objection to the suggested interpretation, if it be understood, as it must be, that all such suits be promptly filed and vigorously prosecuted.

With the foregoing declaration and explanation, both applications for a rehearing are denied.